Eleanor Eastman
by her Guardian
and others
     *vs*
Joseph F. Eastman
    *&*
Thomas Rowland

*Compl^{ts}*

*Def^{dts}*

To the Honourable the Judges of the Supreme Court of the Territory of Michigan, In Chancery sitting—

In pursuance of an order of this honorable court, made in the above cause the 25th day of May 1829, by which it is referred to one of the masters of this court, to look into the Complainant's bill, the answers of the Defendants, and the exceptions put into the same, and to report whether the answer be sufficient in the parts excepted to by the complainant for insufficiency or not.

I the subscriber, one of the masters of this honorable court, do report, that I have looked into the said bill, answer and exceptions, and I am of opinion, that the first exception is well taken

1st The defendant has not given any answer at all to the matter of the said exception—

2^{d} The second exception, I am also of opinion is well taken inasmuch as the defendant has not answered to the matter of said exception—

3^{d} The third exception, I am also of opinion is well taken, inasmuch as the def^{t} has not distinctly answered whether he was not barely a trustee of all the estate alledged in said bill to have been conveyed to him by the said Jonathan, and should be considered solely as his security in the event of his being damnified by reason of his being security for said Jonathan, as in said bill mentioned, and has not answered whether it was not agreed between the said Jonathan and Joseph that the former should continue the possession and controul of s^{d} real estate, and receive the rents and profits thereof and whether the said Jonathan did not in fact continue to do so. he only says that the indenture of mortgage and the bonds given by Thomas Rowland to s^{d} Joseph were given to said Joseph in trust to indemnify him against his liability incurred by signing a bond as surety with said Jonathan to French—

4^{th} The fourth exception the def^{t} has not distinctly answered but says that the sum of $1000 and the further sum of $1800 was received by him in trust as aforesaid—

5th The fifth exception the def^{t} has not fully answered but says that the indenture of mortgage and the said bonds given by said Rowland to said Joseph was given to him in trust to indemnify him—

6th The Sixth Exception the def^{t} has not given any answer at all to the matter of said exception—

7th The Seventh Exception the def^{t} has not clearly answered but says that his liability on the bond given by him with Jonathan to the said French and verily believes that all the property committed by said Jonathan to him in trust as aforesaid is insufficient to indemnify him—

And I the undersigned master do further report that I have looked into the s^{d} bill and answer of Thomas Rowland the other defendant in this cause and I am of

484

opinion that the exception is well taken as the defendant has not given any answer to the matter of said Exception

All which is respectfully submitted
Detroit 27th May 1829—

fees 3.00

ROBERT ABBOTT
Master in Chancery